UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>EDWARD DRINKS, CIDNEI M. RUCKER and FELICIA CLAYTON<br><br>　　　　　　　　Defendants. | Civil Action No.:<br>_____<br><br><br><br>**INTERPLEADER COMPLAINT** |

Plaintiff, The Prudential Insurance Company of America ("Prudential"), an insurance company organized under the laws of the State of New Jersey, with its principal place of business therein at 751 Broad Street, Newark, New Jersey, by way of Complaint in Interpleader says:

## THE PARTIES

1.　Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.

2.　Defendant Edward Drinks ("Drinks") is an adult individual who is domiciled at 7290 Weber Street, Atlanta, Georgia 30349.  Upon information and

63391143.v1

belief, Drinks is the son of the Insured, and is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

3. Defendant Cidnei M. Rucker ("Rucker") is an adult individual who is domiciled at 710 Twelve Street South, Apartment 1829, Arlington, Virginia 22202. Upon information and belief, Rucker is the granddaughter of Mary E. Clayton, deceased (the "Insured") and is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

4. Defendant Felicia Clayton ("Clayton") is an adult individual who is domiciled at 3151 Stillhouse Creek Drive, Apartment 4220, Atlanta, GA 30339. Upon information and belief, Clayton is the daughter of the Insured, and is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

## JURISDICTION

5. This Court has original jurisdiction over this Interpleader action under the provisions of 28 U.S.C. § 1331, as the underlying claims at issue involve rights and liabilities governed by federal law, specifically, the Servicemembers' Group Life Insurance Statute, 38 U.S.C. § 1965, et seq. ("SGLI").

6. This Court also has original jurisdiction over this Interpleader action pursuant to 28 U.S.C. § 1335, because the amount in controversy is greater than $500.00, and there is diversity of citizenship between two or more Defendants.

63391143.v1

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1397, because it is the judicial district in which one or more of the defendants resides.

## FACTS SUPPORTING INTERPLEADER

8. Prudential, through the Office of Servicemembers' Group Life Insurance ("OSGLI"), provides group life insurance benefits to the Department of Veterans Affairs of the United States, pursuant to SGLI under group policy number G-32000 (the "Group Policy"). Attached hereto as Exhibit A is a true and correct copy of the Group Policy and amendments.

9. The Group Policy provides Veterans' Group Life Insurance ("VGLI") coverage to veterans who separate or are released from active duty. *See* Exhibit A, Article III.

10. At all relevant times, the Insured had VGLI coverage under the Group Policy in the amount of $90,000.00 (the "Death Benefit").

11. On or about May 8, 2005, in the application for VGLI coverage, the Insured designated Clayton and Drinks as co-primary beneficiaries. Attached hereto as Exhibit B is a true and correct copy of the Insured's application for VGLI coverage.

12. On or about July 6, 2021, Prudential received a VGLI Beneficiary Designation/Change form designating Rucker as the primary beneficiary. Attached

3

63391143.v1

as Exhibit C is a true and correct copy of the VGLI Beneficiary Designation/Change form.

13. The Insured died on August 10, 2021. Attached hereto as Exhibit D is a true and correct copy of the Death Certificate, as provided to Prudential.

14. As a consequence of the Insured's death, the Death Benefit became due.

15. Counsel for Drinks sent a letter to Prudential dated December 10, 2021claiming that the change in beneficiary designations alleged by parties other than Drinks are the products of criminal fraud requesting Prudential withhold payment. The letter included a note dated July 22, 2020, from Sonya Kobia, a nurse for the Insured, which stated that the Insured's health conditions have declined to where she needs 24-hour care and assistance. Attached hereto as Exhibit E is a true and correct copy of the December 10, 2021 letter and attachment from counsel for Drinks.

16. If it is determined that the July 6, 2021 designation is valid, then the Death Benefit will be payable to Rucker. If the July 6, 2021 designation is determined to be invalid, then the Death Benefit would be payable to Clayton and Drinks.

17. Due to the competing and potential claims of Rucker, Clayton and Drinks Prudential has not yet paid the death benefit.

## THE APPROPRIATENESS OF INTERPLEADER

18. Prudential claims no title to or interest in the Death Benefit to be paid under the Group Policy on account of the death of the Insured and is ready and willing to pay the Death Benefit to the person entitled to it, but Prudential is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims made by or available to defendants.

19. Prudential has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the defendants as to the Death Benefit.

20. Prudential is a mere stakeholder in this action, having and claiming no interest in the Death Benefit due upon the death of the Insured. Prudential is ready and willing to deposit the Death Benefit, together with accrued claim interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

## PRAYER FOR RELIEF

**WHEREFORE**, Prudential respectfully requests that this Court grant the following relief:

A. Directing Prudential to pay the Death Benefit, together with claim interest, if any, into this Court;

B. Directing the defendants to interplead their rights to the Death Benefit;

C. Restraining the defendants, and each of them, from instituting or maintaining any action against Prudential to recover the Death Benefit;

D. Discharging Prudential from all liability to the defendants arising out of the matters set forth herein upon payment of the Death Benefit, together with applicable claim interest, if any, into this Court;

E. Entry of an Order awarding Prudential payment of its reasonable attorney's fees and costs necessitated by the bringing of this action; and

F. Such other relief as is deemed just and proper.

Dated: February 25, 2022

/s/Pamela L. Ferrell
Pamela L. Ferrell
Georgia Bar No. 569713
**BUTLER SNOW LLP**
1170 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
(678) 515-5064 Telephone
(678) 515-5001 Facsimile
pamela.ferrell@butlersnow.com

*Counsel for Plaintiff The Prudential Insurance Company of America*

63391143.v1